McGuane, J.
The issue presented by this appeal deals with in personam jurisdiction. The plaintiff, by his guardian, brought suit on a note executed between the plaintiff s guardian and defendant in the amount of $11,900.00. The defendant filed a special plea to the Court’s lack of jurisdiction because the action is an in personam one, and no personal service was made on the defendant in this state. Service, however, was made by certified mail, return receipt requested, on the defendant in Arizona.
The Court denied defendant’s Motion to Dismiss and issued its subsequent default of defendant and entry of judgment for the plaintiff.
There are two concepts of jurisdiction and the first is not contested at all; that being that the Court had jurisdiction to hear this contract action and that the plaintiff submitted to the Court’s jurisdiction by filing his claim with the District Court.
The second issue and the one facing us on the appeal is whether or not the Court had personal jurisdiction on the defendant. In order to resolve this issue, we must determine whether or not there was good service of process on the defendant. Rule 4 (e) of the Mass. Rules of Civil Procedure allow for personal service outside the Commonwealth [Rule 4 (e) (3)] “by any form of mail addressed to the person to be served and requiring a signed receipt”.
The plaintiff in this action by affidavit certifies that copies of the complaint and summons were served by certified mail, return'receipt included, signed by the defendant.
The Court having jurisdiction over the action and personal jurisdiction over the defendant was correct in denying the Motion to Dismiss.
The plaintiff, in a report designated “Supplemental Draft Report”, raises the issues of the judge’s refusal to allow motions to set aside default, default judgment and for extension of time to file answers and counterclaim. These motions were within the discretion of the Trial Judge and absent any argument or allegations of abuse of discretion, they must stand.
There being no prejudicial errors, the report and “Supplemental Draft Report” are dismissed.